People v Lashley (2021 NY Slip Op 01338)





People v Lashley


2021 NY Slip Op 01338


Decided on March 04, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 04, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Ind Nos. 3394/13, 882/14, 1128/14,1273/14 Appeal No. 13254-13254A Case No. 2019-14 

[*1]The People of the State of New York, Respondent,
v
Jeffrey Lashley, Also Known as Willie Murray, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jody Ratner of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (John T. Komondorea of counsel), for respondent.



Judgments, Supreme Court, Bronx County (William Mogulescu, J.), rendered March 16, 2015, convicting defendant, upon his pleas of guilty, of criminal mischief in the second and third degrees and two counts of promoting prison contraband in the first degree, and sentencing him to an aggregate term of 1&frac13; to 4 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal foreclosing appellate review of the issues raised herein (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]). Regardless of whether defendant validly waived his right to appeal, we perceive no basis for reducing the sentence or remanding for a new sentencing proceeding. Defendant did not preserve his claim that he could not be sentenced because the Department of Probation did not interview him in preparing the presentence report, and the record does not establish that defense counsel attempted to make that particular claim. As an alternative holding, we find that a new sentencing proceeding is not warranted, because a presentence interview is not a legal requirement (People v Serrano, 158 AD3d 467, 468 [1st Dept 2018], lv denied 31 NY3d 1087 [2018]), because defendant's sentence was the result of a negotiated plea, and because the sentencing court had ample information before it regarding defendant's social, psychiatric, substance abuse and juvenile offense history.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 4, 2021